## THE UNITED STATES *vs.* VALLEJO.

1. A claim for land in California admitted by the United States to be regular and genuine confirmed to the proper owner, (the original grantee or his assigns,) though the nominal claimant be one who derives title through a deed bearing date while the proceedings were pending and before the decree of concession.

Appeal from the District Court of the United States for the district of California.

This was a claim for a tract of land in Sonoma county, California, two leagues and a half in length by a quarter of a league in width, and called *Agua Caliente.* M. G. Vallejo filed his petition before the Land Commission claiming the tract above

described under a deed from Lazaro Piña, to whom it had been granted in 1840 by Governor Alvarado. Before any testimony was taken in the case the attorneys of Vallejo withdrew from it and the Commission rejected the claim for lack of any proof, either of the original grant or of the alleged conveyance to Vallejo. Vallejo appealed to the District Court, and intro- duced a complete *espediente* from the archives showing that the grant had been made to Piña in 1840, and the journal of the Departmental Assembly, which proved that the title had been confirmed in 1845. The original grant was not produced, but was alleged to have been lost. But while the decree of con- cession to Piña was dated July 13, 1840, the deed conveying the land to Vallejo under the same title bore date December 4th, 1839. This circumstance was not explained. In 1859 the District Court confirmed the title to Vallejo, reserving, how- ever, the rights of the heirs and assigns of Piña, so that the confirmation might inure to the benefit of any parties who could show a better title than Vallejo, "derived from the origi- nal grantee by deed, devise, descent, or otherwise." From this decree the United States appealed.

*Mr. Black*, of Pennsylvania, for the United States. The title- papers in this case are clearly genuine. There is no doubt that Piña petitioned for land; that Alvarado granted it; that the title was properly recorded and afterwards approved by the Departmental Assembly. If Piña were the claimant before the court instead of Vallejo, the United States would not op- pose his claim. But the conveyance to Vallejo is dated more than six months before the land was granted. In October, 1839, Piña had petitioned Vallejo, as Commandant General, to grant him the tract in question, and Vallejo had given him a provisional concession, to last until he should have time to get a title from the Government. On the 4th of the following December Piña conveyed the land to Vallejo, and on the 13th of July of the next year his grant issued. This conveyance was a fraud upon the Mexican Government. Piña had no right to sell to another an expectant grant, for which he was asking in his own name and for his own benefit. Vallejo had already

received from the Government as many leagues as the law allowed to be united in one hand. The colonization law did not contemplate that parties who had received the full measure of the Government bounty should swell their possessions by getting grants in the names of other persons. Piña, by making such a deed as this, forfeited his claim on the Government. He assigned it to Vallejo, who could not press it in his own name. When the grant issued it vested no right in Piña, for he had abandoned his claim; neither did it inure to the benefit of Vallejo, who had lost his capacity to take. It was, therefore, void.

*Mr. Reverdy Johnson*, of Maryland, for the appellee. The facts of this case being admitted, as well as sufficiently proved otherwise, there is no ground for appeal. On the part of the claimant, it is denied that the Mexican colonization laws forbade a party to sell out his right to land for which he had a pending petition, and it is wholly against the principles of justice, as administered in our courts, to say that a title which has been made to one person shall not inure to the benefit of another by whom it has been bought and paid for. At all events, the United States have no title, and, therefore, no right to interfere between the grantee and his alienee.

Mr. Justice WAYNE. This claim is founded upon a grant from Governor Alvarado to Lazaro Piña of the date of July 13, 1840. The original grant was not produced, and is supposed to have been lost during the war between the United States and Mexico, in which the grantee was killed. The espediente is numbered by Jimeno and noted in his index. It exists complete among the archives. The journal of the Departmental Assembly shows that the grant was approved October 8, 1845. Piña, the grantee, occupied the land for several years. The error of date in the conveyance from Piña to Vallejo cannot raise a suspicion against the regularity of the grant. It is the opinion of this court that the original claim is a good and valid claim, and that the same should be, and hereby is confirmed.

*Decree of the District Court affirmed.*